IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL STEVEN GORDON            :

                      :

   v.                              :   Civil Action No. DKC 09-3386

                      :

OFFICE OF PERSONNEL MANAGEMENT    :

**MEMORANDUM OPINION**

Presently pending and ready for review is Defendant's motion to dismiss. (ECF No. 8).[1] The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, Defendant's motion will be granted.

**I.   Background**

Plaintiff Michael Steven Gordon initiated this *pro se* action on December 17, 2009, seeking to recover on a claim for health benefits against Defendant, the United States Office of Personnel Management. (ECF No. 1). Plaintiff asks the court to review Defendant's denial of Plaintiff's claim for medical expenses incurred from 2006 to the present for trigger point injections. (*Id.* at 1). Plaintiff is an enrollee in the

---

[1] Plaintiff also filed a "Motion regarding lack of subject matter jurisdiction and administrative procedures." ECF No. 15. The motion appears to reiterate a request for an audit Plaintiff sought in an earlier case, DKC 08-3358, that is closed. The motion is DENIED.

Federal Employees' Health Benefits Program ("FEHBP") through his health insurance carrier, CareFirst Blue Cross Blue Shield ("CareFirst"). (ECF No. 8, at 1). Plaintiff previously filed a suit seeking court review of OPM's denial of TPIs in 2005. (*See* Case No. DKC-08-3358).

On May 19, 2010, Defendant filed a motion to dismiss for lack of subject matter jurisdiction arguing that Plaintiff has failed to exhaust his administrative remedies. (ECF No. 8). Specifically, Defendant argues that Plaintiff failed to appeal CareFirst's denial to OPM before commencing the present suit. (*Id.* at 7). Plaintiff contests this assertion and argues that he did submit appeals to the OPM. (ECF No. 10).

**II. Analysis**

**A. Jurisdiction Over OPM Review**

District courts have jurisdiction for claims brought pursuant to the Federal Employee Health Benefits Act ("FEHBA"). 5 U.S.C. § 8912 (2006). Prior to bringing a federal lawsuit for the denial of a benefit claim, enrollees in the FEHBP must complete the OPM's established administrative process. 5 C.F.R. § 890.105. A covered individual must first submit denied claims to the carrier for reconsideration. *Id.* at § 890.105(a)(1). If the denial is upheld after reconsideration, the enrollee may petition the OPM for review. *Id.* at §§ 890.105(a)(1) and (e). Only after the OPM review may an enrollee seek judicial review

of the claim denial by filing a suit against OPM in federal court. *Id.* at §§ 890.105(a)(1), 809.107(c); *see also Caudill v. Blue Cross & Blue Shield of North Carolina,* 999 F.2d 74, 77 (4th Cir. 1993), *overruled on other grounds by Empire HealthChoice Assurance, Inc. v. McVeigh*, 547 U.S. 677 (2006). "A covered individual *must exhaust* both the carrier and OPM review processes specified . . . before seeking judicial review of the denied claim." 5 C.F.R. § 890.105(a)(1)(emphasis added).

Defendant argues that Plaintiff's failure to exhaust the OPM administrative review process deprives the court of subject matter jurisdiction. (ECF NO. 8-1, at 7-8). In support Defendant cites an opinion from the United States Court of Appeals for the Tenth Circuit holding that a district court lacks jurisdiction when the exhaustion requirements of 5 C.F.R. § 890.107(d)(1) are not met because the regulation sets forth terms and conditions pursuant to which the federal government has granted a limited waiver of sovereign immunity. (*Id.*)(citing *Bryan v. Office of Personnel Mgmt.,* 165 F.3d 1315, 1317 (10th Cir. 1999)). While courts have not always been particularly clear in describing the nature of administrative exhaustion requirements, the better approach is to distinguish between jurisdictional and non-jurisdictional exhaustion. *See Avocados Plus Inc. v. Veneman*, 370 F.3d 1243, 1247 (D.C. Cir. 2004). Jurisdictional exhaustion arises only "when Congress

3

requires resort to the administrative process as a predicate to judicial review." *Id.* at 1247. Where exhaustion requirements are judicially created or imposed by agency regulation they are non-jurisdictional. *Id; see also Haitian Refugee Center, Inc. v. Nelson*, 872 F.2d 1555, 1561 (11th Cir. 1989), *aff'd*, 498 U.S. 479 (1991)(finding that exhaustion requirements are jurisdictional only when required by statute); *Hironymous v. Bowen*, 800 F.2d 888, 892 (9th Cir. 1986)(same).

With a non-jurisdictional exhaustion requirement, failure to exhaust does not automatically deprive a district court of jurisdiction. Instead courts may exercise their discretion to excuse the requirement where "the litigant's interests in immediate review outweigh the government's interests in the efficiency and administrative autonomy that the exhaustion doctrine is designed to further." *McCarthy v. Madigan*, 503 U.S. 140, 146 (1992); *see also Volvo GM Heavy Truck Corp. v. U.S. Dept. of Labor*, 118 F.3d 205, 209 (4th Cir. 1997). Although exhaustion is required in the vast majority of cases, courts have occasionally excused the requirement where (1) the dispute concerns statutory construction; (2) using administrative procedures would cause irreparable injury; (3) resorting to administrative procedures would be futile; (4) administrative remedies would be inadequate; or (5) the administrative decision would go unreviewed. *See, e.g., Darby v. Kemp*, 957 F.2d 145,

4

147 (4th Cir. 1992), *overruled on other grounds*, *Darby v. Cisneros*, 509 U.S. 137 (1993); *cf. Avocados Plus*, 370 F.3d at 1247 (listing similar circumstances where exhaustion has been excused). The questions that must be answered then are whether Plaintiff has exhausted his administrative remedies, and, if not, whether an exception to the exhaustion requirement is applicable.

Here Defendant argues that Plaintiff has not exhausted his administrative remedies because he never petitioned OPM for review of CareFirst's denial of his claims from 2006 to the present. (ECF No. 8, at 7). In support, Defendant attaches a declaration from Sylvia Pulley, Chief of Health Insurance Group 1 at CareFirst, stating that OPM "has no record of having received any appeals from Plaintiff Michael Gordon regarding disputed claims decisions by the carrier for trigger point injections from 2006 to the present." (ECF No. 8-5 ¶ 7). Ms. Pulley further declared that OPM has not issued any final agency decisions regarding Plaintiff's disputed claims for TPIs from 2006 to the present. (*Id.* at ¶ 8).

Plaintiff contests part of Ms. Pulley's assertion and argues that he did appeal some of CareFirst's denials to OPM. (ECF No. 10, at 1). Plaintiff included as exhibits copies of appeal letters sent to OPM dated June 3, 2007 (ECF No. 10-1, at 2)("I am appealing all of Care First's decisions on Dr.

5

Filner's invoices from Jan 1 2006 to December 31'st [sic], 2006."), April 15, 2008 (*Id.*, at 14)("I am appealing all of Care First decisions on Dr. Filner's invoices from Jan 1 2007 to December 31, 2007."), and May 10, 2009. (*Id.*, at 15)("I am appealing all of Care First decisions on Dr. Filner's invoices from Jan 1 2008 to December 31, 2008."). However, each of Plaintiff's letters to OPM included an incorrect zip code, 20065 instead of 20415-3610, and Plaintiff produced no evidence that he actually sent the letters or that OPM received them.[2] Plaintiff also has not argued that OPM issued final agency decisions in response to any of his alleged appeals.

---

[2] Plaintiff submitted a motion for extension of time to file reply on July 1, 2010. (ECF No. 12). The motion was construed by the court as a motion for leave to file a surreply and denied without prejudice because it failed to include the proposed surreply as an attachment. (ECF No. 13). Plaintiff then attempted to submit a surreply a second time on July 13, 2010, without including a motion for leave to do so. (ECF No. 14). Plaintiff's surreply included a number of exhibits that Plaintiff asserts are proof of his submission of appeals to OPM. Included in the exhibits are appeal letters to OPM with different dates from those in Plaintiff's initial opposition (ECF No. 14-2, June 15, 2007 letter; ECF No. 14-3, January 31, 2007 letter), a credit card statement showing a payment to the United States Postal Service on June 16, 2007 (ECF No. 14-2, at 2), and UPS delivery confirmations for shipments to OPM on February 7, 2007 (ECF No. 14-3, at 2) and July 3, 2006. (ECF No. 14-4). While some of these materials confirm that Plaintiff shipped materials to OPM, they are not proof that Plaintiff submitted appeal letters. Plaintiff was simultaneously maintaining an appeal for denied benefits prior to 2006 and communicating with OPM in relation to that appeal. The documents attached by Plaintiff do not indicate the content or nature of the materials sent to OPM, and the court cannot assume they were appeal letters.

6

Evidence that an appeal letter may have been sent to an incorrect address does not demonstrate exhaustion. In the analogous situation of establishing exhaustion of remedies prior to filing a suit under the Federal Tort Claims Act, courts have held that it is the plaintiff's burden to establish the proper agency's receipt of a request for reconsideration. *See Rhodes v. United States,* No. 92-2016, 1993 WL 212495, at *2 (4th Cir. June 15, 1993)( "[m]ailing alone is not enough; there must be evidence of actual receipt")(citing *Bailey v. United States,* 642 F.2d 344, 346 (9th Cir. 1981)). In addition, as noted by another judge in this district and often stated in other circuits, while the law presumes delivery of a properly addressed piece of mail, this presumption does not apply to incorrectly addressed mail or to certified mail where the return receipt is not received by the sender. *See Robinson v. TSYS Total Debt Mgmt., Inc.*, 447 F.Supp.2d 502, 510 n. 10 (D.Md. 2006); *McPartlin v. Commissioner,* 653 F.2d 1185, 1191 (7th Cir. 1981); *Mulder v. Commissioner of Internal Revenue,* 855 F.2d 208, 212 (5th Cir. 1988).

Plaintiff has not met his burden of establishing exhaustion of administrative remedies. At most, Plaintiff has produced evidence that something was sent to Defendant OPM, but there is no evidence to show that he submitted proper appeals or that they were received by OPM. In addition to his failure to

establish that he properly appealed CareFirst's denial of his benefit claims, Plaintiff has not even attempted to argue that OPM's review of his denied claims is complete. The next question then is whether an exception to the exhaustion requirement is present.

Plaintiff does not expressly argue that an exception to the exhaustion requirement applies, but instead sets forth a number of arguments for the need for judicial intervention in this case. (ECF No. 10, at 2-4). Plaintiff's arguments include assertions regarding CareFirst's review of benefits claims for his daughter, which are not the subject of this case, and CareFirst's repeated requests for information from doctors treating conditions that were either unrelated to Plaintiff's appealed claims, had already been requested by CareFirst multiple times, or which CareFirst should have maintained on its own. (*Id.* at 3). In addition, Plaintiff asserts that his TPI treatments were medically necessary. (*Id.* at 4). None of Plaintiff's arguments fit within the recognized exceptions to the exhaustion requirement. This dispute does not concern statutory construction, and there is no evidence that using administrative procedures would have caused irreparable injury or would be futile or inadequate. Notably the majority of Plaintiff's complaints are directed at CareFirst and not OPM or its review process, and there is no indication that OPM could

not or would not consider and address Plaintiff's concerns with CareFirst's treatment of his claims through the established OPM review procedures.

Because Plaintiff has not established that he exhausted his administrative remedies or that any exceptions to the exhaustion requirement apply, the court will not consider his claims now.

**III. Conclusion**

For the foregoing reasons, Defendant's motion to dismiss will be granted.  A separate Order will follow.

                                                      /s/
                                  DEBORAH K. CHASANOW
                                  United States District Judge